quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

WRITER'S EMAIL ADDRESS
**michaelcarlinsky@quinnemanuel.com**

March 18, 2022

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Seibel v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, et al.*, 1:22-cv-01483 (ER)

Dear Judge Ramos,

We write on behalf of Defendants under Rule 2.A.ii of Your Honor's Individual Practices regarding Plaintiff's Complaint (ECF No. 1), which seeks a partial refund of premiums he paid for travel insurance provided by Defendants.  Plaintiff's claims are barred by the express language of his insurance policies and Pennsylvania law.[1]  For the reasons set forth below—and for the reasons espoused by Judge Koeltl in *In re Generali COVID-19 Travel Insurance Litigation*, 2021 WL 6052438 (S.D.N.Y. Dec. 21, 2021), which dismissed an almost identical complaint brought by the Scott+Scott law firm on behalf of another Pennsylvania plaintiff—Plaintiff's Complaint is deficient and should be dismissed.  Defendants therefore intend to move to dismiss the Complaint and respectfully request a pre-motion conference in connection with their motion.  Defendants further request a stay of discovery pending resolution of their motion.

*First*, Plaintiff's claim for breach of the covenant of good faith and fair dealing (Compl. ¶¶ 83-88) is barred because Plaintiff does not allege Defendants breached the policies' express terms and "there is no independent cause of action under Pennsylvania law for breach of the duty of good faith and fair dealing." *Gentex Corp. v. Helicopter Helmets, LLC*, 2018 WL 827539, at *3 (M.D. Pa. Feb. 12, 2018).

*Second*, Plaintiff's unjust enrichment claim (Compl. ¶¶ 89-99) fails for precisely the same reason expressed in *Generali*: "there is a contract—the plaintiff's Policy—whose subject matter is the subject matter of the dispute" and "[a]ccordingly … foreclose[s]" the claim.  2021 WL

---

[1] Plaintiff resides in Pennsylvania (Compl. ¶ 12), whose law governs this dispute. *See Generali*, 2021 WL 6052438, at *3; *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 642 (2d Cir. 2016) ("[T]he state of the insured's domicile is a fact known to the parties at the time of contracting and application of the law of that state is most likely to conform to their expectations." (quotation marks and citation omitted)).

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

6052438, at *10. Like the plaintiff in *Generali*, Plaintiff's unjust enrichment claim is premised on Defendants' refusal to provide a cash refund of the portion of his lump-sum travel insurance premium that Plaintiff claims can be attributed to post-departure benefits. *Id.*; Compl. ¶¶ 91, 93-99. But Plaintiff's insurance contracts specifically address his entitlement to a refund: they each contain an exclusive "Fifteen Day Look" provision under which Plaintiff may obtain a refund of his lump-sum premium if he requests one within 15 days of his purchase of the policies, but otherwise state that "[a]fter this 15 day period, ***the premium is non-refundable***." ECF No. 1-1 at 2 (emphasis added); ECF No 1-2 at 2 (same). Under settled law, the quasi-contract claim of unjust enrichment cannot survive in the face of this express contractual language. *See Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. Ct. 2006) ("By its nature, the doctrine of quasi-contract, or unjust enrichment, is inapplicable where a written or express contract exists."); *Generali*, 2021 WL 6052438, at *10 ("'[Plaintiffs'] Policies … expressly provided that the premiums were non-refundable after ten days. [Plaintiffs] seek premium refunds. The Policies therefore clearly cover the dispute, and unjust enrichment claims are unavailable."); *accord Riley v. U.S. Fire Ins. Co.*, 2022 WL 390837, at *2, *4-5 (W.D. Mo. Feb. 8, 2022) (dismissing similar claim by Scott+Scott client under Colorado law because "the Policy covers the subject matter of Plaintiff's unjust enrichment claim" insofar as it "expressly addresses … Defendants' alleged obligations to pay" premiums in clause providing for refund if requested within 10 days); *Rivard v. Trip Mate, Inc.*, 2022 WL 596975, at *1, *6, *9 (D.N.J. Feb. 28, 2022) (dismissing similar claim because "[t]he Policy was enforceable and contemplated the same subject matter as Plaintiff's unjust enrichment claim, and therefore bars Plaintiff's … claim as a matter of law," where policy contained a "Free Look Provision" entitling insured to a refund if requested within 10 days).

Further, Pennsylvania law does not support Plaintiff's position that the Fifteen Day Look provision is "without consideration void" because Plaintiff cancelled his trip in advance and therefore post-departure risks "never attach." Compl. ¶¶ 93, 95, 98. To the contrary, the court in *Generali* found similar Pennsylvania insurance policies were "not severable" as between pre-departure and post-departure benefits and "[a]s such, the *entire* risk attached when the Policies were purchased[,]" where, as here, the policies stated they were "non-refundable" after a period of time, the plaintiffs paid "a single premium in gross" to obtain both pre- and post-departure coverages, and "the pre- and post-departure risks were interdependent[.]" 2021 WL 6052438, at *11 (emphasis added); *accord Rivard*, 2022 WL 596975, at *6-9 (insurance contract was "not divisible," and therefore "enforceable," where "Plaintiff paid a 'single and entire' premium in exchange for all of the Policy's benefits" and "provided a 'single assent' to the entire Policy").[2]

*Third*, Plaintiff's claim for violation of the Pennsylvania Consumer Protection Act (Compl. ¶¶ 100-08) fails because he does not allege that Defendants committed any of the prohibited acts

---

[2] In *Generali*, Judge Koeltl distinguished Pennsylvania's treatment of unjust enrichment claims from "Arizona law," as applied in *Anderson v. Travelex Ins. Servs., Inc.*, 2019 WL 1932763 (D. Neb. May 1, 2019), and "California law," as applied in *Haas v. Travelex Ins. Servs. Inc.*, 2021 WL 3682309 (C.D. Cal. Aug. 19, 2021), and *Edleson v. Travel Insured Int'l, Inc.*, 2021 WL 4334075, at *3 (S.D. Cal. Sept. 23, 2021). *Generali*, 2021 WL 6052438, at *10. Judge Koeltl also concluded that *Gordon v. Arch Ins. Co.*, 2021 WL 2186392 (E.D. Pa. May 28, 2021)—which sustained an unjust enrichment claim related to an insurance policy governed by Texas law, *see id.* at *2—was "unpersuasive" because "the court did not explain why such a cause of action was available," *Generali*, 2021 WL 6052438, at *11. These cases are each distinguishable on their facts, including because the policies here "expressly provided that the premiums were non-refundable after [15] days," *id.*, but to the extent states differ in their treatment of these claims, that only underscores that it would be inappropriate to permit Plaintiff to represent a nationwide class. Indeed, the court in *Edleson* rejected a similar attempt to bring unjust enrichment claims on behalf of a nationwide class and limited the plaintiff's claims to a California class only. 2021 WL 4334075, at *7.

enumerated in 73 P.S. §§ 201-2(4)(i)-(xx).  And Plaintiff fails to state a claim under the Act's catchall provision, § 201-2(4)(xxi), because he fails to allege reliance on any "fraudulent or deceptive conduct." *Danganan v. Guardian Prot. Servs.*, 813 F. App'x 769, 773 (3d Cir. 2020) (dismissing claim under catchall provision because the plaintiff "has not alleged reliance on any 'fraudulent or deceptive conduct[,]'" but rather "only alleged that [the defendant] enforced the Agreement as written"); *Andrichyn v. TD Bank, N.A.*, 93 F. Supp. 3d 375, 391 (E.D. Pa. 2015) ("Actions permitted by the express terms of the contract that [plaintiff] signed cannot plausibly be seen as either deceptive or fraudulent.").  Plaintiff's assertion that the insurance policies he purchased are inherently "unfair" is insufficient to sustain his claim and in any event false.  Compl ¶ 103.  As the *Generali* court recognized, "the possibility of trip cancellation affected the likelihood of post-departure risks arising, *a possibility that may be priced into the cost of the insurance*." 2021 WL 6052438, at *11 (emphasis added).  In other words, the premium Plaintiff paid for bundled travel insurance products was *lower* because there was a *lower* risk of post-departure coverages being implicated, as those risks could only arise in the event the trip was not canceled. Insureds *benefit* from premium savings when they purchase bundled insurance packages instead of individual coverages.  It is therefore unsurprising that the bundled products Defendants sold Plaintiff—including the Fifteen Day Look provision—were accepted by insurance regulators across the country, including in Pennsylvania.

*Fourth*, Plaintiff's purported claim for injunctive relief (Compl. ¶¶ 109-13) fails because "[a] request for injunctive relief does not constitute an independent cause of action," but "merely the remedy sought for the legal wrongs alleged in the [] substantive counts[,]" and each of the substantive counts fails as a matter of law.  *KM Enters., Inc. v. McDonald*, 2012 WL 4472010, at *20 (E.D.N.Y. Sept. 25, 2012) (quotation marks and citation omitted).  Moreover, injunctive relief is unavailable because Plaintiff cannot establish irreparable harm "that cannot be redressed through a monetary award." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990).[3]

*Finally*, Defendants respectfully request a stay of discovery pending their motion because: (1) Defendants have "made a strong showing that plaintiff's claim[s] [are] unmeritorious"; (2) Plaintiff is likely to seek broad and burdensome discovery in his attempt to establish a nationwide class; and (3) a stay poses little "risk of unfair prejudice" to Plaintiff, as the "stay would only be for a period of … several months as the Court considers the pending motion to dismiss[.]" *N.Y. by James v. Pa. Higher Educ. Assistance Agency*, 2020 WL 605944, at *1-2 (S.D.N.Y. Feb. 7, 2020).

For these reasons and more, the Complaint should be dismissed with prejudice, and discovery should be stayed pending the Court's decision on Defendants' motion to dismiss.

Respectfully submitted,

*/s/ Michael B. Carlinsky*

Michael B. Carlinsky

---

[3] The *Edleson* decision, on which Plaintiff is expected to rely, dismissed a request for injunctive relief brought under a similar theory where, as here, "Plaintiff fail[ed] to allege facts sufficient to support an inference that he is likely to be wronged in a similar way in the future or that he is suffering continued, adverse effects of Defendants' actions." 2021 WL 4334075, at *7.