**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

WRITER'S EMAIL ADDRESS
**michaelcarlinsky@quinnemanuel.com**

November 2, 2022

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *Seibel v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, et al.*, 1:22-cv-01483 (ER)

Dear Judge Ramos,

We write on behalf of Defendants to bring to your attention supplemental authority from the Second Circuit that is highly relevant to Defendants' pending motion to dismiss (ECF No. 28). Today, the Second Circuit affirmed Judge Koeltl's decision in *In re Generali COVID-19 Travel Insurance Litigation*, 576 F. Supp. 3d 36 (S.D.N.Y. 2021), which dismissed a nearly-identical unjust enrichment claim brought by a Pennsylvania plaintiff represented by the Scott+Scott law firm.[1] A copy of the Second Circuit's opinion is attached as Exhibit 1.

As explained in Defendants' motion, the plaintiffs in *Generali*, just like Plaintiff here, brought unjust enrichment claims premised on an insurer's refusal to provide a cash refund of the portion of their lump-sum travel insurance premiums that they claimed could be attributed to post-departure benefits. *Generali*, 576 F. Supp. 3d at 49, 51; *see* ECF No. 29 at 13-14. The district court rejected those claims because the plaintiffs' insurance policies "expressly provided that the premiums were non-refundable after ten days." *Generali*, 576 F. Supp. 3d at 51; *see* ECF No. 29 at 14-15. Since the plaintiffs "s[ought] premium refunds," their policies "clearly cover[ed] the dispute," and "unjust enrichment claims" were accordingly "unavailable." *Id*. As Defendants

---

[1] The Scott+Scott firm also represent Plaintiff in this matter.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

explained in their motion, Plaintiff is subject to a similar policy provision stating that after a 15-day period, his "premium is non-refundable." ECF No. 29 at 5.

On appeal, the plaintiffs in *Generali* advanced several arguments that are similar to the arguments Plaintiff made in opposition to Defendants' motion to dismiss in this case.[2] For example, the *Generali* plaintiffs argued that "[b]ecause the Policies provided that the post-departure coverage did not start until their trips began, and their trips were canceled before then, Generali never assumed any risk associated with the perils of post-departure travel, entitling Insureds to a return of their premiums associated with the coverage of post-departure risk." Ex. 2 at 47-48; *cf.* ECF No. 34 at 9-10 (Plaintiff making similar arguments in opposition to Defendants' motion to dismiss). The plaintiffs further asserted that their policies' "free look period does not override or displace the established rule that insurers must return unearned premiums when the contracted-for risk does not attach," that "Pennsylvania … law would not foreclose" a claim for unjust enrichment "merely because the parties had a contractual relationship," and that Generali's "pre-departure and post-departure coverages and premiums" were "severable." Ex. 2 at 51, 55, 62; *cf.* ECF No. 34 at 9-14 (Plaintiff making similar arguments in this case); *id.* at 18 (Plaintiff in this case arguing that the district court's decision in *Generali* was wrongly decided for those reasons). The Second Circuit "considered" these "arguments on appeal," and "affirm[ed]" Judge Koeltl's decision "for the same reasons set forth" in his December 21, 2021 opinion and order. Ex. 1 at 4.

For the reasons set forth in our motion papers, and for the reasons adopted by the Second Circuit in today's decision, Defendants reiterate our request that the Court dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

*/s/ Michael B. Carlinsky*

Michael B. Carlinsky

---

[2] The *Generali* plaintiffs' opening appeal brief to the Second Circuit is attached as Exhibit 2.