ZIMMERMAN | REED

November 18, 2022

<u>*Via ECF*</u>

The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  *Seibel v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, et al.*
     Case No. 1:22-cv-01483

Dear Judge Ramos,

On November 2, 2022, Defendants National Union Fire Company of Pittsburgh, PA and American International Group ("Defendants") submitted a notice of supplemental authority (ECF No. 37) ("Notice"). The Notice cited a decision from the Second Circuit, *Oglevee v. Generali U.S. Branch*, No. 22-336-CV, 2022 WL 16631170 (2d Cir. Nov. 2, 2022) ("Second Circuit *Generali* Decision") (ECF No. 73-1), which summarily affirmed the district court's order in *In re Generali COVID-19 Travel Ins. Litig.*, No. 20-md-2968 (JGK), 2021 WL 6052438, at *2 (S.D.N.Y. Dec. 21, 2021) ("*Generali*"). The Second Circuit's Order is not controlling precedent and provides no more basis to dismiss the present action than does the district court's *Generali* order.

The Second Circuit *Generali* Decision was a summary order. As noted within that decision, "[r]ulings by summary order do not have precedential effect," and thus, federal district courts are not bound by their holdings. (ECF No. 73-1), at 1. The Second Circuit did not provide any substantive analysis for the relevant issues at stake here. Thus, Plaintiff's arguments related to the District Court's *Generali* in his Opposition to Defendants' Motion to Dismiss (ECF No. 34), still apply.

As Plaintiff has argued, *Generali* should not be persuasive in this case. First, Plaintiff's facts are distinct from *Generali*. Corrected Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint ("Pl. Opp'n"), (ECF No. 34) at 16 ("*Generali* is factually distinguishable because: (1) the policy there included different terms that impacted the court's interpretation; and (2) the plaintiffs there made different arguments."). Also, Plaintiff proposes applying a different state's substantive laws.[1] These factors distinguish this case from *Generali*.

More specifically, the insurance policy at issue in *Generali* included a statement that coverage was "single pay, single term" and the court determined that provision undermined severability, thereby undermining a distinction between premium payments for pre- and post- departure coverages. Pl. Opp'n (ECF No. 34), at 17, 18, n.19. This policy language was crucial in *Generali*, but here, no such provision exists. *Id.* Also, unlike *Generali*, Plaintiff here makes two arguments not made in

---

[1] *Generali* applied the laws of "Georgia, Oregon, Missouri, Utah, Pennsylvania, and Florida." Second Circuit *Generali* Decision, at 3. Here, Plaintiff seeks the application of New York law, not Pennsylvania law, and this may impact some of Plaintiffs' claims. Pl. Opp'n, (ECF No. 34), at 6.

November 18, 2022
Page 2

*Generali*: (1) the policy does not govern his specific claim for damages; and (2) there was not adequate consideration to support the formation of a contract as to post-departure coverage. Pl. Opp'n, (ECF No. 34), at 17, 20. The plaintiffs in *Generali* sought to enforce the contract between the parties (i.e., asserted a breach of contract claim), and in so doing, argued the policy was enforceable and governed the claim. Notice, Ex. 2, at 39, 46. This is another critical difference that distinguishes this case from *Generali*. *Id.* at 17. The Second Circuit *Generali* Decision did not change or even address any of this. Thus, *Generali* should remain unpersuasive.

For these reasons, and those set forth in Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 34), the Court should deny Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 28).

Respectfully submitted,

Brian C. Gudmundson
Partner | 612.341.0400 | brian.gudmundson@zimmreed.com